UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                  Plaintiff         )
v.                                  )      Cr. No. 99-10098-RGS
                                    )
WILLIAM MERLINO                     )
                  Defendant         )
_____ )

**WILLIAM MERLINO'S MOTION FOR RELEASE PENDING SENTENCING**

Pursuant to 18 U.S. C. §3145(c), William Merlino moves for release pending sentencing on the grounds that there are exceptional reasons why his detention is not appropriate.

In support of this motion Merlino states the following:

1. On November 25, 2002 Merlino received a 160 month sentence following his convictions on charges of a Hobbs Act conspiracy and attempt (in violation of 18 U.S.C. §1951) (100 months) and carrying a firearm during and in relation to those offenses (in violation of 18 U.S.C. §924(c) (60 months)). The Court had granted a judgment of acquittal and, alternatively a conditional new trial on a second §924(c) count involving a hand grenade, which carried a mandatory minimum thirty-year consecutive sentence.

2. Both Merlino and the government appealed. On January 15, 2010 the United States Court of Appeals for the First Circuit affirmed Merlino's convictions, reversed the judgment of acquittal and reversed the conditional grant of a new trial. It remanded the case for further proceedings – the imposition of at minimum a thirty- year sentence.

3. Merlino was informed by undersigned counsel of the First Circuit's decision and the remand for the imposition of a mandatory minimum thirty year sentence to follow the sentence he was serving.

4. Merlino was incarcerated in Ashland, Kentucky as his original sentence neared completion. On May 31, 2010 the Bureau of Prisons gave Merlino a bus ticket and told him to report to the halfway house program at the Barnstable County House of Correction in Massachusetts on June 1, 2010.

5. Merlino reported to Barnstable on June 1, 2010.

6. From June 1, 2010 to August 11, 2010 Merlino resided at Barnstable, working at the Mill Store and participating in a counseling program.

7. On August 11, 2010 Merlino was released from Barnstable on a bracelet and resided with his brother in East Falmouth. He continued to work at the Mill Store. He attended AA meetings.

8. On November 26, 2010 the bracelet was removed and Merlino began his supervised release, reporting to his probation officer.

9. As the government acknowledged in its *ex parte* motion for the arrest warrant that led to Merlino's current detention, Merlino has been in full compliance with the conditions of his supervised release.

10. On January 31, 2011 Merlino surrendered to the arrest warrant, knowing that the mandate from the First Circuit requires the imposition of a thirty year mandatory minimum sentence by this Court.

11. On February 1, 2011 this Court ordered Merlino detained pursuant to 18 U.S.C.

§3143(a)(2).

12. For the reasons set out in the memorandum below, Merlino has met the standard of demonstrating, as required under 18 U.S. C. §3145(c), that there are extraordinary reasons why he should not be detained.

## MEMORANDUM OF LAW

William Merlino's conviction for carrying a firearm (a hand grenade possessed by a co-defendant) during and in relation to a Hobbs Act conspiracy and attempt subjects him to detention pending sentencing under 18 U.S.C. §3143(a)(2). However, 18 U.S.C. §3145(c) provides that a person subject to detention under §3143(a)(2) may be released if the court finds, by clear and convincing evidence, that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under appropriate conditions and "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

As courts have noted, the statute does not define the term "exceptional reasons" and the legislative history of the provision provides no guidance. *See*, *e.g.*, *United States v. Weiner*, 972 F.2d 337, *3 (1st Cir. 1992) (unpublished disposition); *United States v. Kaquatosh*, 252 F.Supp.2d 775, 777 (E.D. Wis. 2003); *United States v. Mitchell*, 358 F.Supp.2d 707, 708 (E.D. Wis. 2005). Those courts have described the term as requiring situations that are out of the ordinary, uncommon, or rare.

Here, the circumstances following the Court of Appeals' reversal of this Court's judgment of acquittal and conditional new trial on the count relating to a codefendant's hand grenade do give rise to exceptional circumstances supporting release. William Merlino is 50

years old.  He was informed that he is subject to a mandatory minimum thirty-year sentence on the conviction reinstated by the Court of Appeals on January 15, 2010 and that the court has no discretion to impose a lesser sentence on that count.  Facing what is close to a life sentence, Merlino nonetheless reported to Barnstable for his halfway house placement when he was given a bus ticket by the Bureau of Prisons on May 31, 2010.  During his time at Barnstable he worked full time outside the facility.  He fully complied with all of the conditions of his placement and was released on an electronic bracelet to live with his brother after approximately ten weeks in Barnstable.  After final completion of the initial sentence imposed, he was placed on supervised release and has fully complied with all conditions.  When he was told by his probation officer to report to the Williams Building on January 31, 2011 he did so, even though the circumstances were such that he could only believe that he would be taken into custody at that time.

     Merlino's conduct from May 31, 2010 to the present plainly demonstrates that he is not a risk of flight or danger to the community.  That conduct also demonstrates the unusual circumstances of this case.  Mr. Merlino has certainly had a number of opportunities to flee.  Yet, knowing that he currently faces a mandatory minimum thirty-year sentence, he has not.  Rather, twice, Merlino has reported as ordered notwithstanding his knowledge that he is facing a mandatory minimum thirty-year sentence.   His mother has had health issues and Merlino seeks release pending sentencing, on electronic monitoring if deemed necessary, so that he may spend whatever time he can with his family.  It is an appropriate measure in this case.

                                        Respectfully submitted,

                                        /s/ Judith H. Mizner
                                        Judith H. Mizner
                                         B.B.O. #350160

Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061


CERTIFICATE OF SERVICE

      I, Judith Mizner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 13, 2010.

                    /s/ Judith Mizner
                    Judith Mizner

.